1  VINCENT J. ADAMS (SBN 249696)
2  **TESLA, INC.**
   31353 Huntwood Avenue
3  Hayward, CA 94544
   Telephone: (510) 951-1237
4  viadams@tesla.com

5  Attorney for Defendant
   TESLA, INC.
6

7

8                    **UNITED STATES DISTRICT COURT**

9                   **NORTHERN DISTRICT OF CALIFORNIA**

10  ALFRED PENDLETON III,                    Case No.

11                      Plaintiff,            **DECLARATION OF VINCENT J. ADAMS IN**
                                              **SUPPORT OF DEFENDANT TESLA, INC.'S**
12            v.                              **NOTICE AND PETITION FOR REMOVAL**
                                              **OF ACTION UNDER 28 U.S.C. § 1332, 1441,**
13                                            **AND 1446 (DIVERSITY JURISDICTION)**
    TESLA, INC., which does business in
14  California as TESLA MOTORS, INC.; JUAN
    (LAST NAME UNKNOWN); and DOES 1-
15  20, inclusive.                            (*Removed from Alameda County Superior Court
                        Defendants.          Action No. 25CV143894*)
16
                                              State Court Action Filed:    September 19, 2025
17                                            Removal Date:                October 29, 2025

18

19

20

21

22

23

24

25

26

27

28

---

**DECLARATION OF VINCENT J. ADAMS IN SUPPORT OF DEFENDANT TESLA, INC.'S NOTICE AND PETITITION FOR REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446 (DIVERSITY JURISDICTION)**

## DECLARATION OF VINCENT J. ADAMS

I, **VINCENT J. ADAMS**, hereby declare are follows:

1.      I am an attorney at law, duly licensed to practice in the State of California and before this Court. I am inhouse counsel for Defendant TESLA, INC. ("Tesla"), in connection with the above captioned matter. I make this declaration in support of Tesla's Notice and Petition for Removal of Action under 28 U.S.C. § 1332, 1441, and 1446.

2.      As an attorney for Tesla I am familiar with the records and files in this matter. I have personal knowledge of the facts stated in this declaration and, if called as a witness, could and would competently testify to these facts.

3.      On September 29, 2025, Tesla was served with copies of the Summons, Civil Case Cover Sheet, Notice of Case Management Conference, Complaint, Alameda County Superior Court's Alternative Dispute Resolution (ADR) Information Packet, and Plaintiff's Notice of Posting Jury Fees by Plaintiff ALFRED PENDLETON III ("Plaintiff") through its agent for service of process, CT Corporation in Glendale, California. Attached hereto as **Exhibit A** is a true and correct copy of the service package served on Tesla.

4.      On October 27, 2025, Tesla filed and served an Answer to Plaintiff's Complaint in the Superior Court of the State of California in and for the County of Alameda. Attached hereto as **Exhibit B** is a true and correct copy of Tesla's Answer.

5.      **Exhibit 1** (Complaint) attached to Tesla's concurrently filed Notice and Petition for Removal and **Exhibit B** to this Declaration constitute all of the pleadings served on Tesla and/or filed by Tesla in the County of Alameda Superior Court prior to the filing of this Removal. A Case Management Conference has been scheduled in Alameda County Superior Court on March 12, 2026.

6.      Upon my review of the Alameda County Superior Court docket on October 29, 2025, Plaintiff has not yet filed a proof of service reflecting that JUAN (LAST NAME UNKNOWN) has been served with the Complaint.

7.      At the time this lawsuit was filed and the time of this Notice and Petition for Removal was filed, Tesla is and was a corporation organized and formed under the laws of the State of Texas, with its

1

principal place of business and headquarters in Austin, Texas. Therefore, at all times since Plaintiff commenced this lawsuit, Tesla is and has been a citizen of a state other than California.

8.     Written notice of the filing of this Notice of Removal to the United States District Court for the Northern District of California will be served on Plaintiff's counsel of record at Hunter Pyle Law PC and filed with the Clerk of the Superior Court of the State of California, Alameda County on October 29, 2025. Attached hereto as **Exhibit C** is a true and correct copy of Tesla's Notice to State Court and Plaintiff of Removal of Civil Action to Federal District Court.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed this 29th day of October 2025, in Hayward, California.

By:     */s/ Vincent J. Adams*
VINCENT J. ADAMS

# EXHIBIT A



## Service of Process Transmittal Summary

**TO:**   LEGAL DEPARTMENT - SOP
Tesla, Inc.
C/O LEGAL DEPT, 3000 HANOVER ST.
PALO ALTO, CA 94304

**RE:**   **Process Served in California**

**FOR:**   Tesla, Inc.  (Domestic State: TX)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: ALFRED PENDLETON III // To: Tesla, Inc. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Demand, Cover Sheet, Attachment(s), Notice(s), Certificate |
| **COURT/AGENCY:** | Superior Court of California, Alameda County, CA<br>Case # 25CV143894 |
| **NATURE OF ACTION:** | Employee Litigation - Harassment |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 09/29/2025 at 11:29 |
| **JURISDICTION SERVED:** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after this summons and legal papers are served on you (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | HUNTER PYLE<br>HUNTER PYLE LAW, PC<br>505 14th Street, Suite 600<br>Oakland, CA 94612<br>510-444-4400 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/30/2025, Expected Purge Date: 10/05/2025<br><br>Image SOP<br><br>Email Notification,  LEGAL DEPARTMENT - SOP  legalsop@tesla.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>8775647529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the



**CT Corporation**
**Service of Process Notification**
09/29/2025
CT Log Number 550236995

included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                                    Mon, Sep 29, 2025
**Server Name:**                      Gary Hansen

| Entity Served | TESLA, INC. |
|---|---|
| Case Number | 25CV143894 |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |



**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California
County of Alameda
**09/19/2025**
Chad Finke, Executive Officer / Clerk of the Court
By: _____ A. Gospel _____ Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
TESLA, INC., which does business in California as TESLA MOTORS, INC.; JUAN (LAST NAME UNKNOWN); and DOES 1-20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ALFRED PENDLETON III

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Alameda County Superior Court

1225 Fallon Street, Oakland, CA 94612

**CASE NUMBER:**
*(Número del Caso):*
**25CV143894**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Hunter Pyle; Hunter Pyle Law, PC; 505 14th Street, Suite 600 Oakland, CA 94612; 510-444-4400

DATE: **09/19/2025**                                    Clerk, by _____Andra Gospel_____ , Deputy
*(Fecha)* Chad Finke, Executive Officer / Clerk of the Court    *(Secretario)*        A. Gospel        *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):*   TESLA, INC., which does business in California as TESLA MOTORS, INC.
   under: ☒ CCP 416.10 (corporation)              ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)             ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)       ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL] SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

**HUNTER PYLE, SBN 191125**
HUNTER PYLE LAW, PC
505 14th Street, Suite 600
Oakland, California 94612
Telephone: (510) 444-4400
Facsimile: (510) 444-4410
Email: hunter@hunterpylelaw.com

Attorneys for Plaintiff
ALFRED PENDLETON III

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**09/19/2025 at 04:14:01 PM**
By: Andrel Gospel,
Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| ALFRED PENDLETON III,<br><br>Plaintiff,<br><br>vs.<br><br>TESLA, INC., which does business in California as TESLA MOTORS, INC.; JUAN (LAST NAME UNKNOWN); and DOES 1-20, inclusive,<br><br>Defendants. | Case No.: **25CV143894**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **HARASSMENT (FEHA);**<br>2. **RACE-BASED DISCRIMINATION (FEHA);**<br>3. **FAILURE TO PREVENT DISCRIMINATION, RETALIATION & HARASSMENT (FEHA); AND**<br>4. **CONSTRUCTIVE DISCHARGE IN VIOLATION OF PUBLIC POLICY.**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff ALFRED PENDLETON III ("Plaintiff") complains and alleges as follows:

## I.    **INTRODUCTION**

1.      Plaintiff was first employed at TESLA, INC. which does business in California as TESLA MOTORS, INC. ("Defendant TESLA") from approximately October 2016 to November 2016 at 45500 Fremont Boulevard, Fremont, California.

2.      Plaintiff was employed for a second time at Defendant TESLA from approximately November 2019 to January 2025 at their 901 Page Avenue, Fremont, California location.

3.      Throughout his employment, Plaintiff was subjected to a pattern and practice of harassment and discrimination by various supervisors and employees of Defendant TESLA.

4.      Some of Plaintiff's direct supervisors employed by Defendant TESLA regularly used racial slurs to degrade, belittle, ridicule, and dehumanize him. Defendant TESLA knew or should have known of this harassment but failed to take adequate measures to protect Plaintiff.

5.      This harassment and discrimination created intolerable working conditions for Plaintiff.

6.      Due to Defendant TESLA'S unfair and negative work environment, Plaintiff resigned from his employment in approximately January 2025.

7.      Plaintiff brings this case alleging causes of action for: (1) harassment; (2) race discrimination; (3) failure to prevent discrimination, retaliation, and harassment; and (4) constructive discharge in violation of public policy.

## II.    **PARTIES AND JURISDICTION**

8.      Plaintiff is a Black male residing in the State of California. Plaintiff first began working for Defendant TESLA in Alameda County in approximately October 2016.

9.      Defendant TESLA is a Texas corporation licensed to do business by virtue of the laws of the State of California. Defendant TESLA maintains its headquarters in Austin, Texas, and operates and engages in business in the City of Fremont, located in the County of Alameda, California.

1        10.     Upon information and belief, Defendant JUAN (LAST NAME UNKNOWN)

2  ("Defendant JUAN") is a resident and citizen of the State of California. Defendant JUAN was

3  Plaintiff's supervisor when Plaintiff was working for Defendant TESLA.

4        11.     The true names and capacities, whether individual, corporate, associate, agent, or

5  otherwise, of the Defendants named herein as Does 1 through 20 are unknown to Plaintiff, who

6  therefore sue said Defendants by such fictitious names. Plaintiff is informed and believes, and

7  thereon alleges, each such fictitiously named Defendant is responsible in the manner set forth herein,

8  or some other manner, for the occurrences alleged herein, and that the damages as alleged herein

9  were proximately caused by their conduct. Plaintiff is informed and believes, and thereon alleges,

10  that each of the fictitiously named Defendants is a California resident. Plaintiff will amend this

11  complaint to allege their true names and capacities when such information is discovered.

12        12.     Venue is proper in the County of Alameda for the following reasons: Defendant

13  TESLA operates and engages in business in the City of Fremont, located in the County of Alameda,

14  California. Additionally, the acts, omissions, conduct, contracts, promises and violations of the law

15  herein alleged were done, made or performed in substantial part in the County of Alameda. Further,

16  upon information and belief, Defendant JUAN is a resident and citizen of the State of California.

17  This Court has jurisdiction over this action pursuant to Article 6, section 10 of the California

18  Constitution and California Code of Civil Procedure section 410.10.

19       **III.**     **TOLLING AND EXHAUSTION OF ADMINISTRATIVE REMEDIES**

20        13.     Plaintiff's claims were tolled by the filing of *Marcus Vaughn v. Tesla Inc.,* Alameda

21  County Case No. RG17882082, on November 13, 2017.

22        14.     Plaintiff has exhausted the applicable remedies available to him under the California

23  Fair Employment and Housing Act ("FEHA") by timely filing a complaint regarding the matters

24  described below with the California Civil Rights Department ("CRD") on September 20, 2024, and

25  amending it on September 19, 2025.

26        15.     The CRD issued a Notice of Case Closure and Right to Sue Letter to Plaintiff that same

27  day.

28

1          **IV.    STATEMENT OF THE CASE**

2          16.    Plaintiff first began working for Defendant TESLA as a Production Associate in

3    Alameda County from approximately October 2016 and until November 2016. Plaintiff worked for

4    Defendant TESLA again as a Production Associate in the Service Department in Alameda County

5    from approximately November 2019 and resigned in January 2025.

6          17.    As a Production Associate in the Service Department, Plaintiff worked on the Seats

7    production line. His job involved handling car seats for Defendant TESLA's vehicles.

8          18.    Plaintiff's supervisors included Defendant JUAN.

9                              **Racial Animus at TESLA**

10         19.    While working at Defendant TESLA's factory, Plaintiff would regularly hear

11   language spoken by non-Black employees that was racist towards Black employees. For example,

12   Plaintiff would hear non-Black employees using the N-word. Black men were also called "boy" by

13   non-Black employees, and Plaintiff frequently heard Black employees being referred to as

14   "monkeys," "darkies," and "porch monkeys." These racist terms were very offensive to Plaintiff.

15         20.    Non-Black leads and supervisors were present for and engaged in racist language

16   towards Black employees. Plaintiff would overhear non-Black leads and non-Black supervisors refer

17   to Black employees using the N-word. He observed that Black employees were called "boy" by their

18   non-Black supervisors, including an Associate Manager.

19         21.    Plaintiff would also regularly hear the N-word directed at him.

20         22.    Plaintiff also observed other associates on his assembly line playing vulgar music

21   containing offensive language including the N-word.

22         23.    Plaintiff observed racist graffiti in the bathrooms in walkways. Plaintiff observed the

23   N-word and swastikas. He also saw the phrase, "Fuck all you N**ger" written in the bathroom.

24         24.    Plaintiff also observed a cartoon carved in the likeness of a Black person on a

25   worktable.

26

27

28

25.     Plaintiff also regularly observed other employees with Confederate flag tattoos, and on Plaintiff's information and belief, these employees were never asked to cover their tattoos while working at Defendant TESLA.

26.     The racially harassing speech and graffiti were extremely offensive to Plaintiff and Plaintiff complained about it to his leads and supervisors.

27.     Plaintiff heard the factory being referred to as a "Plantation" and a "slave ship" by other Black employees. Plaintiff understood that these terms were being used to compare Defendant TESLA's Fremont factory to plantations in the South during the time of slavery, because of the offensive, discriminatory, and harassing treatment that he and other Black workers endured.

**TESLA's Differential Treatment of Plaintiff and Other Black Employees**

28.     Plaintiff observed no Black employees in lead positions until 2023. There was a lack of Black employees in positions of authority at Defendant TESLA's factory, and this made Plaintiff feel like employees could be accepted or denied promotions based more on race and less on skills.

29.     From 2020 to 2022, Plaintiff applied for a lead position each year but was denied the position each time. Plaintiff witnessed multiple times when a non-Black employee was hired as a lead over him, even when Plaintiff was the one who trained that person. Plaintiff also had to train new leads, despite not being promoted to one.

30.     Plaintiff observed and experienced that the non-Black leads and supervisors were in higher positions but would direct Plaintiff to do work for them. He was often asked to train new employees.

31.     Plaintiff observed and experienced that Black employees were stationed in the most physically strenuous stations of the factory, typically at the end of the line where there were more responsibilities and more strenuous labor than in previous stations.

32.     The seats were heavy and the work was repetitive and very strenuous. It appeared that non-Black employees were the ones stationed where there were less strenuous duties and/or where one could sit down to complete their duties.

1      33.    Plaintiff observed and experienced that Black workers were disciplined more than

2   their non-Black coworkers.

3      34.    From approximately August 2024 to October 2024, Plaintiff received five write-ups

4   for trivial issues such as coming back from break one minute late, going on break one minute early,

5   and using his cell phone. However, Plaintiff was required to use his cell phone to inform his lead that

6   the assembly line was broken or if another part was needed.

7      35.    Plaintiff noticed that non-Black employees who did the same things, such as being

8   late from break and using their cellphones, were not disciplined.

9   **Plaintiff Complains About the Harassment, Retaliation and Discrimination**

10      36.    Plaintiff complained multiple times to his superiors about the incessant racist

11   language, the racial animosity, and the contradictory write-ups that he was experiencing, observing,

12   and receiving.

13      37.    Instead of addressing the offensive behavior, Plaintiff's superiors only separated

14   Plaintiff and the coworker using the N-word.

15      38.    Additionally, instead of addressing the write-ups, Plaintiff's superiors ignored him.

16      39.    From 2020 to 2021, Plaintiff complained to the "Answer Bar" at the factory floor.

17   The "Answer Bar" is an area where employees may make a complaint. Plaintiff complained about

18   the racial discrimination and harassment at the factory, and why he was not promoted to a lead

19   position. The Answer Bar employee did not ask for Plaintiff's name or department, but informed

20   Plaintiff that his complaints would be investigated.

21      40.    To Plaintiff's knowledge, none of his complaints were ever investigated and he

22   received no follow up after each complaint.

23   **Plaintiff Had No Choice but to Resign from TESLA**

24      41.    Plaintiff believed that Defendant TESLA did not care about whether its employees

25   were harassed at work because his complaints were ignored by Defendant TESLA.

26      42.    Plaintiff experienced significant physical and mental toll from working at Defendant

27   TESLA's racially discriminatory and harassing environment.

28

43.     In approximately January 2025, Plaintiff resigned from his position with Defendant TESLA due to the discrimination and harassment that he has faced, as well as Defendant TELSA's failure to prevent it.

## V.     CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Harassment in Violation of Cal. Gov't Code § 12940**

**(Against all Defendants)**

44.     The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

45.     California Government Code section 12940(j) provides that it shall be unlawful for an employer to harass an employee. The FEHA holds employers strictly liable for harassment by supervisors. Section 12940(j) further provides that harassment of an employee, "by an employee, other than an agent or supervisor, shall be unlawful if the entity, or its agents or supervisors, knows or should have known of this conduct and fails to take immediate and appropriate corrective action."

46.     At all relevant times herein, Plaintiff's supervisors, including Defendant JUAN, engaged in the harassing conduct and/or encouraged the harassing conduct.

47.     At all relevant times herein, Plaintiff was an employee of Defendant TESLA when he was being harassed by Defendant TESLA's employees, including supervisors.

48.     Plaintiff was subjected to harassing conduct due to his race.

49.     The harassing conduct was severe or pervasive.

50.     A reasonable Black person in Plaintiff's circumstances would have considered the work environment to be hostile, intimidating, offensive, oppressive, or abusive.

51.     Plaintiff considered the work environment to be hostile, intimidating, offensive, oppressive, or abusive.

52.     Defendant TESLA knew or should have known of the harassing conduct and failed to take immediate and corrective action.

53.     In committing these actions, Defendants violated the FEHA.

54.     Plaintiff was harmed by Defendants' actions.

55. Defendants' actions were a substantial factor in causing Plaintiff's harm.

56. Defendants committed the acts alleged herein oppressively and maliciously, with the wrongful intention of injuring Plaintiff, from an evil and improper motive amounting to malice, and in conscious disregard of Plaintiff's rights, in that Defendant TESLA's supervisors, including Defendant JUAN, harassed Plaintiff and Defendant TESLA failed to take corrective action to prevent the harassment of Plaintiff, despite the fact that Defendant TESLA knew about the harassment and knew of the supervisors' history of harassment towards Black employees. Thus, Plaintiff is entitled to recover punitive damages from Defendants.

57. As a direct, foreseeable and proximate result of the acts of Defendants, Plaintiff has suffered damages in an amount according to proof.

WHEREFORE, Plaintiff requests judgment against Defendants as set forth below.

## SECOND CAUSE OF ACTION
### Race Discrimination in Violation of Cal. Gov't Code § 12940

### (Against Defendant TESLA)

58. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

59. California Government Code Section 12940(a) provides that it shall be unlawful for an employer to discriminate against an employee "in compensation or in terms, conditions, or privileges of employment."

60. At all relevant times herein, Plaintiff was an employee of Defendant TESLA.

61. Defendant TESLA engaged in adverse employment actions including but not limited to, failing to promote Plaintiff; treating Plaintiff differently from non-Black employees in terms of discipline, opportunities and other issues; and failing to follow up on complaints about unlawful conduct.

62. Plaintiff is a Black male.

63. Plaintiff's race was a substantial motivating reason for Defendant TESLA's adverse employment actions including but not limited to failing to promote Plaintiff; treating Plaintiff

1 | differently from non-Black employees in terms of discipline, opportunities and other issues; and

2 | failing to follow up on complaints about unlawful conduct.

3 |      64.    Plaintiff was harmed.

4 |      65.    Defendant TESLA's conduct was a substantial factor in causing Plaintiff's harm.

5 |      66.    Defendant TESLA committed the acts alleged herein oppressively and maliciously,

6 | with the wrongful intention of injuring Plaintiff, from an evil and improper motive amounting to

7 | malice, and in conscious disregard of Plaintiff's rights. Thus, Plaintiff is entitled to recover punitive

8 | damages from Defendant TESLA.

9 |      67.    As a direct, foreseeable and proximate result of the acts of Defendant TESLA,

10 | Plaintiff has suffered damages in an amount according to proof.

11 |      WHEREFORE, Plaintiff requests judgment against Defendant TESLA as set forth below.

12 |
### THIRD CAUSE OF ACTION
**Failure to Prevent Discrimination, Retaliation, & Harassment
in Violation of Cal. Gov't Code § 12940**

13 |

14 | **(Against Defendant TESLA)**

15 |      68.    The allegations of each of the preceding paragraphs are realleged and incorporated

16 | herein by reference.

17 |      69.    California Government Code Section 12940(k) provides that it shall be unlawful for

18 | an employer to fail to take all reasonable steps necessary to prevent discrimination, retaliation, and

19 | harassment from occurring.

20 |      70.    At all relevant times herein, Plaintiff was an employee of Defendant TESLA.

21 |      71.    Plaintiff was subjected to harassing, retaliating and discriminating conduct because of

22 | his protected status as a Black person.

23 |      72.    The harassing conduct directed toward Plaintiff was so severe, widespread, or

24 | persistent that a reasonable person in Plaintiff's circumstances would have considered the work

25 | environment to be hostile or abusive.

26 |      73.    Plaintiff considered the work environment to be hostile or abusive.

27 |

28 |

74.     Defendant TESLA knew or should have known of the harassing and discriminatory conduct and failed to take all reasonable steps necessary to prevent discrimination and harassment from occurring.

75.     In committing these actions, Defendant TESLA violated the FEHA.

76.     Plaintiff suffered harm.

77.     The failure of Defendant TESLA to take reasonable steps to prevent discrimination and harassment was a substantial factor in causing Plaintiff's harm.

78.     Defendant TESLA committed the acts alleged herein oppressively and maliciously, with the wrongful intention of injuring Plaintiff, from an evil and improper motive amounting to malice, and in conscious disregard of Plaintiffs' rights. Thus, Plaintiff is entitled to recover punitive damages from Defendant TESLA.

79.     As a proximate result of the acts of Defendant TESLA, Plaintiff has suffered damages in an amount according to proof.

WHEREFORE, Plaintiff requests judgment against Defendant TESLA as set forth below.

## FOURTH CAUSE OF ACTION
### Constructive Discharge in Violation of Public Policy

### (Against Defendant TESLA)

80.     The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

81.     At all relevant times herein, Plaintiff was an employee of Defendant TESLA.

82.     Plaintiff was subjected to working conditions that violated public policy, in that Plaintiff was required to work in a racially discriminatory and harassing environment.

83.     Defendant TESLA intentionally created or knowingly permitted these working conditions.

84.     These working conditions were so intolerable that a reasonable person in Plaintiff's position would have had no reasonable alternative except to resign.

85.     Plaintiff resigned because of these working conditions.

86.     Plaintiff was harmed.

9

1    87.    The working conditions at Defendant TESLA's factory was a substantial factor in

2    causing Plaintiff's harm.

3    88.    Defendant TESLA committed the acts alleged herein oppressively and maliciously,

4    with the wrongful intention of injuring Plaintiff, from an evil and improper motive amounting to

5    malice, and in conscious disregard of Plaintiff's rights. Thus, Plaintiff is entitled to recover punitive

6    damages from Defendant TESLA.

7    WHEREFORE, Plaintiff prays for judgment against Defendant TESLA as set forth below.

8    ### VI.    DAMAGES

9    89.    As a proximate result of the conduct by Defendant TESLA and Defendant JUAN,

10    Plaintiff has suffered and continues to suffer economic loss.

11    90.    As a further proximate result of the conduct by Defendant TESLA, Plaintiff has

12    suffered emotional and mental distress, fear, anxiety, humiliation and embarrassment.

13    91.    Plaintiff was required to retain private counsel to vindicate his rights under law.

14    Plaintiff is therefore entitled to an award of all attorneys' fees incurred in relation to this action for

15    violation of his civil rights.

16    WHEREFORE, Plaintiff requests relief from Defendant TESLA and Defendant JUAN as

17    follows:

18    1.    For compensatory damages for lost past and future wages, earnings, and benefits,

19         according to proof;

20    2.    For general damages for humiliation, mental anguish and emotional distress,

21         according to proof;

22    3.    For consequential damages, according to proof;

23    4.    For punitive damages, according to proof;

24    5.    For statutory penalties, according to proof;

25    6.    For reasonable attorneys' fees, according to proof;

26    7.    For reasonable costs, according to proof;

27    8.    Injunctive relief to address the wrongs alleged herein; and

28

9.      For such other and further relief as the Court may deem just and proper.

DATED: September 19, 2025          HUNTER PYLE LAW, PC

By: _____
     Hunter Pyle

Attorneys for Plaintiff
ALFRED PENDLETON III

*PENDLETON V. TESLA, INC.*
**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

1

## **DEMAND FOR JURY TRIAL**

2    Plaintiff ALFRED PENDLETON III demands a jury trial of this matter on all triable claims.

3

4    DATED: September 19, 2025          HUNTER PYLE LAW, PC

5

6                                      By: _____
                                           Hunter Pyle
7

8                                      Attorneys for Plaintiff
                                       ALFRED PENDLETON III

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*PENDLETON V. TESLA, INC.*
**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Hunter Pyle (SBN 191125)<br>Hunter Pyle Law, PC, 505 14th Street, Suite 600 Oakland, CA 94612<br><br>TELEPHONE NO.: 510-444-4400     FAX NO.: 510-444-4410<br>EMAIL ADDRESS: hunter@hunterpylelaw.com<br>ATTORNEY FOR *(Name):* Plaintiff Alfred Pendleton | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Alameda<br>**09/19/2025 at 04:14:01 PM**<br>By: Andrei Gospel,<br>Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland 94612
BRANCH NAME:

CASE NAME:
Pendleton, Alfred v. Tesla, Inc.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| [x] Unlimited  [ ] Limited<br>(Amount        (Amount<br>demanded      demanded is<br>exceeds $35,000)  $35,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **25CV143894**<br><br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* Four (4)
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: 09/19/2025
Hunter Pyle
_____
(TYPE OR PRINT NAME)                                 (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only. **Page 1 of 2**

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner
    Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic
    relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

Electronically Received 09/23/2025 10:44 AM

1  **HUNTER PYLE, SBN 191125**
   HUNTER PYLE LAW, PC
2  505 14th Street, Suite 600
   Oakland, California 94612
3  Telephone: (510) 444-4400
   Facsimile: (510) 444-4410
4  Email:  hunter@hunterpylelaw.com

5
   Attorneys for Plaintiff
6  ALFRED PENDLETON III

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                    **FOR THE COUNTY OF ALAMEDA**

10 ALFRED PENDLETON III,                    Case No.: 25CV143894

11            Plaintiff,                     **PLAINTIFF'S NOTICE OF POSTING**
                                            **JURY FEES**
12        vs.

13
   TESLA, INC., which does business in California
14 as TESLA MOTORS, INC.; JUAN (LAST
   NAME UNKNOWN); and DOES 1-20, inclusive,
15
16            Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

―――――――――――――――――――――――――――――――――――――
                **PLAINTIFF'S NOTICE OF POSTING JURY FEES**

1    TO THE COURT, ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

2    PLEASE TAKE NOTICE that Plaintiff ALFRED PENDLETON III hereby submits a jury

3  fee deposit in the amount of $150.00 in the above-entitled action pursuant to California Code of

4  Civil Procedure Section 631(b).

5

6  DATED: September 23, 2025              HUNTER PYLE LAW, PC

7

8                                        By: _____
9                                            Hunter Pyle

10                                       Attorneys for Plaintiff
                                         ALFRED PENDLETON III
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S NOTICE OF POSTING JURY FEES**

| SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>Administration Building, 1221 Oak Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>09/19/2025<br>Clad Flke , Exect ue Offder /C*rk of the Court<br>By: _Andel Gospel_ Deputy<br>A. Gospel |
| PLAINTIFF:<br>Alfred Pendleton, III | |
| DEFENDANT:<br>Tesla, Inc. et al | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>25CV143894 |

TO THE PLAINTIFF(S)/ATTORNY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)).

Give notice of this conference to all other parties and file proof of service.

Your Case Management Conference has been scheduled on:

> Date: 03/12/2026    Time: 2:30 PM    Dept.: 16
>
> Location: Rene C. Davidson Courthouse
> Administration Building, 1221 Oak Street, Oakland, CA 94612

TO DEFENDANT(S)/ATTORNEY(S) FOR DEFENDANT(S) OF RECORD:

The setting of the Case Management Conference does not exempt the defendant from filing a responsive pleading as required by law, you must respond as stated on the summons.

TO ALL PARTIES who have appeared before the date of the conference must:

Pursuant to California Rules of Court, 3.725, a completed Case Management Statement (Judicial Council form CM-110) must be filed and served at least 15 calendar days before the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.

**Meet and confer,** in person or by telephone as required by Cal. Rules of Court, rule 3.724.

**Post jury fees** as required by Code of Civil Procedure section 631.

If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

The judge may place a Tentative Case Management Order in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the court's eCourt Public Portal for each assigned department's procedures regarding tentative case management orders at https://eportal.alameda.courts.ca.gov.

Expedited Jury Trials

   If the parties agree, they may try the case in an Expedited Jury Trial. Code of Civ. Proc. § 630.01 et seq. In short, the parties would agree to the following: 8 jurors (6 must agree); 3 peremptory challenges per side; 5-hour time limit per side, unless otherwise agreed and approved; one to two court days for completion, unless otherwise agreed and approved; high/low arrangement option; and limited right to appeal. For additional information, please see the following links:

   • EJT-010-INFO* Expedited Jury Trial Information Sheet (ca.gov)
   • EJT-008 Agreement of Parties (Mandatory Expedited Jury Trial Procedures) (ca.gov)
   • EJT-020 [Proposed] Consent Order for Voluntary Expedited Jury Trial (ca.gov)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA CIV-100 [Rev. 10/2021]

**NOTICE OF
CASE MANAGEMENT CONFERENCE**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>09/19/2025<br>Chad Finke, Executive Officer/Clerk of the Court<br>By: _A. Gospel_ Deputy<br>A. Gospel |
| PLAINTIFF/PETITIONER:<br>Alfred Pendleton, III | |
| DEFENDANT/RESPONDENT:<br>Tesla, Inc. et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>25CV143894 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the attached document upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Hunter Pyle
505 14th Street
Suite 600
Oakland, CA 94612

Chad Finke, Executive Officer / Clerk of the Court

Dated: 09/22/2025

By:

A. Gospel, Deputy Clerk

**CERTIFICATE OF MAILING**

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: | FOR COURT USE ONLY |
|---|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY                STATE BAR NUMBER:

NAME:

FIRM NAME:

STREET ADDRESS:

CITY:                                      STATE:          ZIP CODE:

TELEPHONE NO.:                             FAX NO.:

EMAIL ADDRESS:

ATTORNEY FOR *(name)*:

FOR COURT USE ONLY

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

## CASE MANAGEMENT STATEMENT

*(Check one):*   ☐ **UNLIMITED CASE**
(Amount demanded
exceeds $35,000)

☐ **LIMITED CASE**
(Amount demanded is $35,000
or less)

CASE NUMBER:

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date:                   Time:              Dept.:              Div.:                  Room:

Address of court *(if different from the address above)*:

☐ **Notice of Intent to Appear by Telephone, by** *(name)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:

   a. ☐ This statement is submitted by party *(name)*:

   b. ☐ This statement is submitted **jointly** by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*

   a. The complaint was filed on *(date)*:

   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*

   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.

   b. ☐ The following parties named in the complaint or cross-complaint

      (1) ☐ have not been served *(specify names and explain why not)*:

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:

      (3) ☐ have had a default entered against them *(specify names)*:

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**

   a. Type of case in ☐ complaint   ☐ cross-complaint   *(Describe, including causes of action)*:

**Page 1 of 5**

| Form Adopted for Mandatory Use | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court, |
|---|---|---|
| Judicial Council of California | | rules 3.720–3.730 |
| CM-110 [Rev. January 1, 2024] | | www.courts.ca.gov |

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b.  Provide a brief statement of the case, including any damages *(if personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings; if equitable relief is sought, describe the nature of the relief)*:

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**

The party or parties request ☐ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial)*:

6. **Trial date**

a. ☐ The trial has been set for *(date)*:

b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain)*:

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability)*:

7. **Estimated length of trial**

The party or parties estimate that the trial will take *(check one)*

a. ☐ days *(specify number)*:

b. ☐ hours (short causes) *(specify)*:

8. **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:

a.  Attorney:

b.  Firm:

c.  Address:

d.  Telephone number:                    f.  Fax number:

e.  Email address:                        g.  Party represented:

☐ Additional representation is described in Attachment 8.

9. **Preference**

☐ This case is entitled to preference *(specify code section)*:

10. **Alternative dispute resolution (ADR)**

a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.

(1)  For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2)  For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

b.  **Referral to judicial arbitration or civil action mediation** *(if available)*.

(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption)*:

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER:<br>DEFENDANT/RESPONDENT: | CASE NUMBER: |
|---|---|

10. c.  In the table below, indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

|  | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☐ Mediation completed on *(date):* |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date):*<br>☐ Agreed to complete settlement conference by *(date):*<br>☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |

CM-110

| PLAINTIFF/PETITIONER:<br>DEFENDANT/RESPONDENT: | CASE NUMBER: |
|---|---|

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CASE MANAGEMENT STATEMENT**

<strong>CM-110</strong>

| PLAINTIFF/PETITIONER:<br>DEFENDANT/RESPONDENT: | CASE NUMBER: |
|---|---|

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $35,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

| _____ | _____ |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |

| _____ | _____ |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |

☐ Additional signatures are attached.



# Superior Court of California, County of Alameda
## Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

> The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:
>
> - Indicating your preference on Case Management Form CM-110. If applicable, when you file your CM-110 file one of the following:
>   - Parties seeking early ADR may request a delay of the Initial Case Management Conference (CMC) by filing form ALA ADR-001, Stipulation to Attend Alternative Dispute Resolution (ADR) and Delay the Initial CMC for 90 days.
>   - Parties seeking referral to the Civil and Probate Mediation Panel (CMP) should file with the clerk a Request for Referral to CMP and Proposed Order.
>
> - Agreeing to ADR at your Initial Case Management Conference.
>
> **QUESTIONS?** Call (510) 891-6055. Email: adrprogram@alameda.courts.ca.gov
> Or visit the court's website at www.alameda.courts.ca.gov/general-information/adr

### What Are the Advantages of Using ADR?

- *Faster* –Litigation can take years to complete but ADR usually takes weeks or months.
- *Cheaper* – Parties can save on attorneys' fees and litigation costs.
- *More control and flexibility* – Parties choose the ADR process appropriate for their case.
- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.
- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

### What Is the Disadvantage of Using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.

### What ADR Options Are Available?

- *Mediation* – A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.

o **Court Mediation Program**: Mediators do not charge fees for the first two hours of mediation. If parties need more time, they must pay the mediator's regular fees.

Some mediators ask for a deposit before mediation starts which is subject to a refund for unused time.

o **Private Mediation**: This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court's panel.

- *Arbitration* – A neutral person (arbitrator) hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial and the rules of evidence are often relaxed. Arbitration is effective when the parties want someone other than themselves to decide the outcome.

  o **Judicial Arbitration Program** (non-binding): The judge can refer a case, or the parties can agree to use judicial arbitration. The parties select an arbitrator from a list provided by the court. If the parties cannot agree on an arbitrator, one will be assigned by the court. There is no fee for the arbitrator. The arbitrator must send the decision (award of the arbitrator) to the court. The parties have the right to reject the award and proceed to trial.

  o **Private Arbitration** (binding and non-binding) occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

### Mediation Service Programs in Alameda County

Low-cost mediation services are available through non-profit community organizations. Trained volunteer mediators provide these services. Contact the following organizations for more information:

**Center for Community Dispute Settlement**
291 McLeod Street, Livermore, CA 94550
Telephones: (925) 337-7175 | (925) 337-2915 (Spanish)
Website: www.trivalleymediation.com
CCDS provides services in the Tri-Valley area for all of Alameda County.

**The Congress of Neutrals**
3478 Buskirk Avenue, Suite 1000, Pleasant Hill, CA 94523
Telephone: (925) 937-3008  Website: www.congressofneutrals.org
Their mission is to serve the community, promote harmony and help resolve conflict, one conversation at a time.

Note: For a list of additional mediation service providers, please contact the ADR Office.

**ALA ADR-001**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*<br><br>TELEPHONE NO.:                          FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | FOR COURT USE ONLY |

**SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY**

STREET ADDRESS:
MAILING  ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| | |
|---|---|
| **STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS** | CASE NUMBER: |

**INSTRUCTIONS:  All applicable boxes must be checked, and the specified information must be provided.**

This stipulation is effective when:

- All parties have signed and filed this stipulation with the Case Management Conference Statement at least 15 days before the initial case management conference.
- A copy of this stipulation has been received by the ADR Program Administrator, 24405 Amador Street, Hayward, CA 94544, or Fax to (510) 267-5727.

1.  Date complaint filed: _____.  An **Initial Case Management Conference** is scheduled for:

Date:                          Time:                          Department:

2.  Counsel and all parties certify they have met and conferred and have selected the following ADR process (*check one*):

☐ Court mediation          ☐ Judicial arbitration

☐ Private mediation        ☐ Private arbitration

3.  All parties agree to complete ADR within 90 days and certify that:

a.  No party to the case has requested a complex civil litigation determination hearing;
b.  All parties have been served and intend to submit to the jurisdiction of the court;
c.  All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
d.  Copies of this stipulation and self-addressed stamped envelopes are provided for returning endorsed filed stamped copies to counsel and all parties;
e.  Case management statements are submitted with this stipulation;
f.  All parties will attend ADR conferences; and,
g.  The court will not allow more than 90 days to complete ADR.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:


_____          ▶  _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PLAINTIFF)

Date:


_____          ▶  _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF ATTORNEY FOR PLAINTIFF)

Page 1 of 2

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

**ALA ADR-001**

| PLAINTIFF/PETITIONER: | CASE NUMBER.: |
|---|---|
| DEFENDANT/RESPONDENT: | |

Date:

_____          ▶ _____
      (TYPE OR PRINT NAME)                               (SIGNATURE OF DEFENDANT)

Date:

_____          ▶ _____
      (TYPE OR PRINT NAME)                            (SIGNATURE OF ATTORNEY FOR DEFENDANT)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)
AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)